

**PGKM** | **PILIERO**
         | **GOLDSTEIN**
         | **KOGAN &**
         | **MILLER, LLP**

Evan Glassman
212.478.8541 PH
212.478.8542 FX
eglassman@pgkm.com

November 13, 2006

**BY FEDERAL EXPRESS**

Hon. Richard M. Berman
United States District Court
Southern District of New York
500 Pearl Street, Room 650
New York, New York 10007

   Re: *Franck Muller USA, Inc. v. Delmas, Inc.*
      05 CV 5165 (RMB) (JCF)

Dear Judge Berman:

  This firm represents Franck Muller USA, Inc ("FMUSA") in the above captioned case.

  As your honor may recall, FMUSA recently entered into settlement agreements with the remaining Defendants. In the course of reviewing our files in connection with the winding down of this matter, we have learned that FMUSA settlement agreements with three Defendants, Yaeger Watch Corp., Frank Siegal and Time to Tell, Inc., previously presented to the Court (*see* Docket entries for March 15 and 16, 2006) were not formally entered or endorsed by your Honor.

  Accordingly, we have enclosed herewith for the Court's review and consideration the following documents:

- Stipulated Dismissal (Time to Tell, Inc.);

- Mutual Release and Settlement Agreement (Time to Tell, Inc.);

- Stipulated Dismissal (Yaeger Watch Corp. and Frank Segal); and

- Mutual Release and Settlement Agreement (Yaeger Watch Corp. and Frank Segal).

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/14/06

00033840.1

Michael C. Miller (MM 4632)
Dennis H. Cavanaugh (DC 3146)
**PILIERO GOLDSTEIN KOGAN & MILLER, LLP**
10 East 53rd Street
New York, New York 10022
Telephone:   (212) 478-8500
Facsimile:   (212) 478-8584

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
FRANCK MULLER USA, INC.,                          :

        Plaintiff,                                    :         05 CV 5165 (RMB) (JCF)

        -against-                                    :

DELMAS INC.; AVIANNE'S WATCHES;            :
INTERNATIONAL WATCH EXCHANGE, INC.;
MOTION IN TIME; TIME TO TELL, INC.;           :      **STIPULATED DISMISSAL**
YAEGER WATCH CORP.; FRANK SIEGEL;
VIS JEWELERS; JOHN DOES 1-50; AND,          :
XYZ CORPORATIONS 1-50,
                                                                    :
        Defendants,
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

      Plaintiff Franck Muller USA, Inc. having filed a Complaint in this action for trademark infringement and unfair competition under Federal and state law against Defendant Time To Tell, Inc., among others; and the parties desiring to settle the controversy between them, it is hereby

      ORDERED, ADJUDGED AND DECREED as between the parties hereto that:

      1.    This matter is dismissed with prejudice in accordance with the Settlement Agreement entered into between the parties;

      2.    Each party shall bear its own costs and expenses;

00028679.1 M013802.0005

3.	The Court shall retain jurisdiction of this matter for the purposes of any subsequent matters between the parties; and

4.	This Order shall be deemed to have been served upon the parties at the time of its execution by the Court.

Dated: New York, New York
January 26, 2006

PILIERO GOLDSTEIN KOGAN
& MILLER, LLP

By _____
Michael C. Miller (MM 4632)
Dennis H. Cavanaugh (DC 3146)
10 East 53rd Street
New York, New York 10022
(212) 478-8500

Attorneys for Plaintiff
Franck Muller USA, Inc.

Dated: New York, New York
January 26, 2006

TUCKER & LATIFI, LLP

By _____
Robert L. Tucker (RT _____)
160 East 84th Street
New York, New York 10028
(212) 472-6262

Attorneys for Defendant
Time to Tell, Inc.

SO ORDERED: New York, New York
__11/14/06__

_____
Hon. Richard M. Berman, U.S.D.J.

00028679.1 M013802.0005				2

Michael C. Miller (MM 4632)
Dennis H. Cavanaugh (DC 3146)
**PILIERO GOLDSTEIN KOGAN & MILLER, LLP**
10 East 53rd Street
New York, New York 10022
Telephone:    (212) 478-8500
Facsimile:     (212) 478-8584

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
FRANCK MULLER USA, INC.,            :

        Plaintiff,                :     05 CV 5165 (RMB) (JCF)

        -against-                 :

DELMAS INC.; AVIANNE'S WATCHES;     :
INTERNATIONAL WATCH EXCHANGE, INC.; :
MOTION IN TIME; TIME TO TELL, INC.; :     **STIPULATED DISMISSAL**
YAEGER WATCH CORP.; FRANK SIEGEL;
VIS JEWELERS; JOHN DOES 1-50; AND,  :
XYZ CORPORATIONS 1-50,
                                    :
        Defendants,
------------------------------------X

        Plaintiff Franck Muller USA, Inc. having filed a Complaint in this action for trademark infringement and unfair competition under Federal and state law against Defendants Yaeger Watch Corp. and Frank Siegel, among others; and the parties desiring to settle the controversy between them, it is hereby

        ORDERED, ADJUDGED AND DECREED as between the parties hereto that:

        1.     This matter is dismissed with prejudice in accordance with the Settlement Agreement entered into between the parties;

        2.     Each party shall bear its own costs and expenses;

        3.     The Court shall retain jurisdiction of this matter for the purposes of any

00028755.1 M013802.0005

subsequent matters between the parties; and

  4. This Order shall be deemed to have been served upon the parties at the time of its execution by the Court.

Dated: New York, New York
   January ___, 2006

PILIERO GOLDSTEIN KOGAN & MILLER, LLP

By _____
Michael C. Miller (MM 4632)
Dennis H. Cavanaugh (DC 3146)
10 East 53rd Street
New York, New York 10022
(212) 478-8500

Attorneys for Plaintiff
Franck Muller USA, Inc.

Dated: New York, New York
   January 26, 2006

KAGAN LUBIC LEPPER LEWIS GOLD & COLBERT, LLP

By _____
Denise M. Campbell (DC 3217)
200 Madison Avenue, 24th Floor
New York, New York 10016
(212) 252-0300

Attorneys for Defendants
Yaeger Watch Corp. and Frank Siegel

SO ORDERED: New York, New York
       11/14/06

RMB
_____
Hon. Richard M. Berman, U.S.D.J.

00028755.1 M013802.0005   2

## MUTUAL RELEASE AND SETTLEMENT AGREEMENT

**THIS AGREEMENT** is made and entered into by and between **Franck Muller USA, Inc.** a corporation organized and existing under the laws of the state of New York, having an office and place of business at 207 West 25th Street, New York, New York 10001 ("FMUSA"), on the one hand; and, on the other hand, **Time to Tell, Inc.**, a corporation organized and existing under the laws of the State of New York, having an office and place of business at 1196 Avenue of the Americas, New York, New York 10036 ("TTT").

### W I T N E S S E T H:

**WHEREAS**, there is currently pending in the United States District Court for the Southern District of New York (the "Court"), a civil action entitled *Franck Muller USA, Inc. v. Delmas, Inc., et al.*, Civil Action No. 05 CV 5165 (the "Civil Action"), in which Plaintiff has charged TTT, other named Defendants and other "DOE" Defendants with trademark infringement, unauthorized importation of goods, unfair competition, and violation of the Tariff Act arising out of Defendants' sales of certain watches bearing the marks FRANCK MULLER and the stylized FM (the "Franck Muller Trademarks") and to which TTT has denied the charges; and

**WHEREAS**, in the interests of avoiding the further time and expense of continuing litigation, the parties hereto now wish to resolve the controversy between them and to settle the Civil Action; and

**WHEREAS**, FMUSA has asserted and hereby warrants and represents that it is the only entity authorized by law to distribute FRANCK MULLER-branded watches in the United States; and

**WHEREAS**, TTT denies all of FMUSA's allegations and further denies any intentional wrongdoing.

**NOW, THEREFORE**, in consideration of the mutual covenants and considerations contained herein, the parties agree as follows:

00028416.1 M013802.0005

1. The parties warrant and represent that each of them has the full and complete right, power and authority to enter into this Agreement.

2. Within 5 business days of the execution of this Agreement, FMUSA will file with the Court a *Stipulation of Dismissal*, dismissing the Civil Action against TTT, and requesting that the Court seal the file for the purposes of the parties filing this Agreement under seal. In the event that the Court grants such request, the FMUSA shall then file this Agreement under seal.

3. TTT hereby represents and warrants that to the extent that it ever imported new FRANCK MULLER-branded watches from outside the U.S., such actions ceased as of June 1, 2005.

4. Other than the watches enumerated in Exhibit A hereto, TTT warrants and represents that all FRANCK MULLER-branded watches that were previously in its possession, custody or control, have been distributed, shipped and delivered and that neither it nor any of its agents has any remaining inventory of such products. TTT hereby agrees that it will not, at any time, manufacture, distribute, import, advertise, promote, offer to sell or sell any products or services using the Franck Muller Trademarks in any location throughout the world unless such watches fall within the allowed scope of paragraph 6 below.

5. TTT hereby represents and warrants that it will produce to FMUSA or its attorneys all supplier information, invoices, purchase orders and the like relating to the purchase of FRANCK MULLER-branded watches since the inception of TTT's business.

6. Except as provided herein, TTT agrees that it shall not engage in any sale or distribution of any FRANCK MULLER-branded watches after the execution date hereof. However, notwithstanding anything to the contrary herein, it shall not be a violation of this Agreement for TTT to purchase, or take in trade as credit towards another watch, so-called "pre-owned" or "used" FRANCK MULLER-branded watches from individuals, in lots of no more than two (2) watches per instance, and no more than fifteen (15) FRANCK MULLER-branded watches in total per year, and that such watches may be sold by TTT to the public or trade.

7. In the event that FMUSA believes that TTT has breached any provision of this Agreement, FMUSA shall, prior to taking any formal legal action against TTT, by way of an action for breach of this Agreement or otherwise, provide written notice to TTT and its counsel specifying the alleged breach, and TTT shall have thirty (30) days in which to produce written documentation sufficient to establish its non-breach or to otherwise cure such breach.

8. Contingent upon the accuracy of the warranties and representations made by TTT, and only to the extent thereof, and in consideration of the full and faithful performance by TTT of all of the terms and conditions of this Agreement, FMUSA for itself and on behalf of its past and present parents, subsidiaries, divisions, joint venturers, employees, affiliates, assigns, officers, directors, shareholders, attorneys, suppliers, customers, agents, and the successors and assigns of each of the foregoing, hereby releases and forever discharges TTT, and its past and present parents, subsidiaries, divisions, joint venturers, employees, affiliates, assigns, officers, directors, shareholders, attorneys and agents, factories from which allegedly infringing products were manufactured and retailers to whom allegedly infringing products were sold, and the successors and assigns of each of the foregoing, from any and all claims, debts, liabilities, demands, obligations, costs, expenses, actions, and causes of action, of every nature, character, and description, whether known or unknown, suspected or unsuspected, asserted or unasserted, fixed or contingent, which FMUSA now owns or holds, or in the future may own or hold, by reason of any matter, cause or thing whatsoever occurred, done, omitted or suffered to be done, from the beginning of time to the date of this Agreement, that is the subject of the Civil Action.

9. Contingent upon the accuracy of the warranties and representations made by FMUSA herein and in consideration of the full and faithful performance of all of the terms and conditions of this Agreement, TTT, for itself and on behalf its past and present parents, subsidiaries, divisions, joint venturers, employees, affiliates, assigns, officers, directors, shareholders, attorneys and agents, and the successors and assigns of each of the foregoing, hereby release and forever discharge FMUSA, and its past and present parents, subsidiaries, divisions, joint venturers, employees, affiliates, assigns, officers, directors, shareholders, attorneys and

agents, and the successors and assigns of each of the foregoing, from any and all claims, debts, liabilities, demands, obligations, costs, expenses, actions, and causes of action, of every nature, character, and description, whether known or unknown, suspected or unsuspected, asserted or unasserted, fixed or contingent, which TTT now owns or holds, or in the future may own or hold, by reason of any matter, cause or thing whatsoever occurred, done, omitted or suffered to be done, from the beginning of time to the date of this Agreement, that is the subject of the Civil Action.

10. This Agreement constitutes the entire understanding of the parties with respect to the subject matter hereof; shall be binding upon the parties, their successors and assigns; shall be governed by and construed in accordance with the laws of the State of New York; and shall not be modified except by a writing signed by all parties thereto.

11. This Agreement may be executed and delivered in separate counterparts, each of which, when so executed and delivered, shall be an original, but such counterparts together shall constitute but one and the same instrument and agreement.

12. In the event of a breach of this Agreement by either party, the party alleging the breach shall have the right to bring an action for the alleged breach before the Court without prior notice to the breaching party and without the need to post a bond or prove irreparable harm. It shall not be necessary for such party to file a new action, and the parties hereby consent to the continuing jurisdiction of the Court over them and this action, such that in the event of breach this action may be reopened. In the event of any such action, the prevailing party shall be entitled to its reasonable attorney's fees and costs.

**IN WITNESS WHEREOF**, the parties have executed this Agreement on the dates indicated adjacent to their respective signatures below.

FRANCK MULLER USA, INC.

Dated: January __, 2006

By: _____
Name: SARKIS KANBURIYAN
Title: V.P

TIME TO TELL, INC.

Dated: January 5, 2006

By: _____
Name: VADIM YAILUBOV
Title: PRESIDENT

**ACKNOWLEDGMENTS**

STATE OF NEW YORK   )
                    )   ss:
COUNTY OF NEW YORK  )

On this __23RD__ day of __FEBRUARY__, 2006, before me came __SARKIS KAHBURIYAN__, who acknowledged to me that he/she is the __V.P.__ of Franck Muller USA, Inc., and that he/she executed the foregoing instrument on behalf of Franck Muller USA, Inc. with full authority to do so.

*Virginia M. Arakelyan*
Notary Public

VIRGINIA M. ARAKELYAN
Notary Public, State of New York
No. 01AR6037103
Qualified in Queens County
Commission Expires February 4, 2010

STATE OF NEW YORK   )
                    )   ss:
COUNTY OF NEW YORK  )

On this __5th__ day of __JANUARY__ 2006, before me came __VADIM YAKUBOV__ who acknowledged to me that he is the __PRESIDENT__ of Time to Tell, Inc. and that he/she executed the foregoing instrument on behalf of Time to Tell, Inc. with full authority to do so.

*Hillary B. Lazar*
Notary Public

HILLARY B. LAZAR
Notary Public, State of New York
No. 01LA5046202
Qualified in Nassau County
Commission Expires July 3, 2007

00028416.1 M013802.0005                    6

APPROVED AS TO FORM:

Dated: New York, New York
      January ___, 2006

PILIERO GOLDSTEIN KOGAN
& MILLER, LLP

By _____
Michael C. Miller (MM 4632)
Dennis H. Cavanaugh (DC 3146)
Adam L. Brookman (AB 4935)
10 East 53rd Street
New York, New York 10022
(212) 478-8500
Attorneys for Plaintiff
Franck Muller USA, Inc.

Dated: New York, New York
      January **5**, 2006

**TUCKER & LAFITI, LLP**

By _____
Robert L. Tucker (RLT 1027)
160 East 84th Street
New York, NY 10028
(212) 472-6262
Attorneys for Defendant Time To Tell, Inc.

## MUTUAL RELEASE AND SETTLEMENT AGREEMENT

**THIS AGREEMENT** is made and entered into by and between **Franck Muller USA, Inc.** a corporation organized and existing under the laws of the state of New York, having an office and place of business at 207 West 25th Street, New York, New York 10001 ("FMUSA"), on the one hand; and, on the other hand, **Yaeger Watch Corp.**, a corporation organized and existing under the laws of the State of New York, having an office and place of business at 578 Fifth Avenue, New York, New York 10036, and Frank Siegel, an employee thereof (hereinafter referred to collectively as "Yaeger").

### W I T N E S S E T H:

**WHEREAS**, there is currently pending in the United States District Court for the Southern District of New York (the "Court"), a civil action entitled *Franck Muller USA, Inc. v. Delmas, Inc., et al.*, Civil Action No. 05 CV 5165 (the "Civil Action"), in which Plaintiff has charged Yaeger, other named Defendants and other "DOE" Defendants with trademark infringement, unauthorized importation of goods, unfair competition, and violation of the Tariff Act arising out of Defendants' sales of certain watches bearing the marks FRANCK MULLER and the stylized FM (the "Franck Muller Trademarks") and to which Yaeger has denied the charges; and

**WHEREAS**, in the interests of avoiding the further time and expense of continuing litigation, the parties hereto now wish to resolve the controversy between them and to settle the Civil Action; and

**WHEREAS**, FMUSA has asserted and hereby warrants and represents that it is the only entity authorized by law to distribute FRANCK MULLER-branded watches in the United States; and

**WHEREAS**, Yaeger denies all of FMUSA's allegations and further denies any intentional wrongdoing.

**NOW, THEREFORE**, in consideration of the mutual covenants and considerations contained herein, the parties agree as follows:

00028510.1 M013802.0005

1. The parties warrant and represent that each of them has the full and complete right, power and authority to enter into this Agreement.

2. Within 5 business days of the execution of this Agreement, FMUSA will file with the Court a *Stipulation of Dismissal*, dismissing the Civil Action against Yaeger, and requesting that the Court seal the file for the purposes of the parties filing this Agreement under seal. In the event that the Court grants such request, the FMUSA shall then file this Agreement under seal.

3. Yaeger hereby represents and warrants that to the extent that it ever imported new FRANCK MULLER-branded watches from outside the U.S., such actions ceased as of June 1, 2005.

4. Other than the watches enumerated in Exhibit A hereto, Yaeger warrants and represents that all FRANCK MULLER-branded watches that were previously in its possession, custody or control, have been distributed, shipped and delivered and that neither it nor any of its agents has any remaining inventory of such products. Yaeger hereby agrees that it will not, at any time, manufacture, distribute, import, advertise, promote, offer to sell or sell any products or services using the Franck Muller Trademarks in any location throughout the world.

5. Yaeger hereby represents and warrants that it will produce to FMUSA or its attorneys all supplier information, invoices, purchase orders and the like relating to the purchase of FRANCK MULLER-branded watches since the inception of Yaeger's business.

6. Yaeger agrees that it shall not engage in any sale or distribution of any FRANCK MULLER-branded watches after the execution date hereof.

7. In the event that FMUSA believes that Yaeger has breached any provision of this Agreement, FMUSA shall, prior to taking any formal legal action against Yaeger, by way of an action for breach of this Agreement or otherwise, provide written notice to Yaeger and its counsel

specifying the alleged breach, and Yaeger shall have thirty (30) days in which to produce written documentation sufficient to establish its non-breach or to otherwise cure such breach.

8. Contingent upon the accuracy of the warranties and representations made by Yaeger, and only to the extent thereof, and in consideration of the full and faithful performance by Yaeger of all of the terms and conditions of this Agreement, FMUSA for itself and on behalf of its past and present parents, subsidiaries, divisions, joint venturers, employees, affiliates, assigns, officers, directors, shareholders, attorneys, suppliers, customers, agents, and the successors and assigns of each of the foregoing, hereby releases and forever discharges Yaeger, and its past and present parents, subsidiaries, divisions, joint venturers, employees, affiliates, assigns, officers, directors, shareholders, attorneys and agents, factories from which allegedly infringing products were manufactured and retailers to whom allegedly infringing products were sold, and the successors and assigns of each of the foregoing, from any and all claims, debts, liabilities, demands, obligations, costs, expenses, actions, and causes of action, of every nature, character, and description, whether known or unknown, suspected or unsuspected, asserted or unasserted, fixed or contingent, which FMUSA now owns or holds, or in the future may own or hold, by reason of any matter, cause or thing whatsoever occurred, done, omitted or suffered to be done, from the beginning of time to the date of this Agreement, that is the subject of the Civil Action.

9. Contingent upon the accuracy of the warranties and representations made by FMUSA herein and in consideration of the full and faithful performance of all of the terms and conditions of this Agreement, Yaeger, for itself and on behalf its past and present parents, subsidiaries, divisions, joint venturers, employees, affiliates, assigns, officers, directors, shareholders, attorneys and agents, and the successors and assigns of each of the foregoing, hereby release and forever discharge FMUSA, and its past and present parents, subsidiaries, divisions, joint venturers, employees, affiliates, assigns, officers, directors, shareholders, attorneys and agents, and the successors and assigns of each of the foregoing, from any and all claims, debts, liabilities, demands, obligations, costs, expenses, actions, and causes of action, of every nature, character, and description, whether known or unknown, suspected or

unsuspected, asserted or unasserted, fixed or contingent, which Yaeger now owns or holds, or in the future may own or hold, by reason of any matter, cause or thing whatsoever occurred, done, omitted or suffered to be done, from the beginning of time to the date of this Agreement, that is the subject of the Civil Action.

10. This Agreement constitutes the entire understanding of the parties with respect to the subject matter hereof; shall be binding upon the parties, their successors and assigns; shall be governed by and construed in accordance with the laws of the State of New York; and shall not be modified except by a writing signed by all parties thereto.

11. This Agreement may be executed and delivered in separate counterparts, each of which, when so executed and delivered, shall be an original, but such counterparts together shall constitute but one and the same instrument and agreement.

12. In the event of a breach of this Agreement by either party, the party alleging the breach shall have the right to bring an action for the alleged breach before the Court without prior notice to the breaching party and without the need to post a bond or prove irreparable harm. It shall not be necessary for such party to file a new action, and the parties hereby consent to the continuing jurisdiction of the Court over them and this action, such that in the event of breach this action may be reopened. In the event of any such action, the prevailing party shall be entitled to its reasonable attorney's fees and costs.

**IN WITNESS WHEREOF**, the parties have executed this Agreement on the dates indicated adjacent to their respective signatures below.

FRANCK MULLER USA, INC.

Dated: January __, 2006

By: _____
Name: FARRIS RANSOM YAM
Title: VP.

YAEGER WATCH CORP.

Dated: January 26, 2006

By: Scott Yaeger
Name: _____
Title: VP

FRANK SIEGEL

Dated: January 26, 2006

_____

**ACKNOWLEDGMENTS**

STATE OF NEW YORK    )
                     )  ss:
COUNTY OF NEW YORK   )

On this __23RD__ day of __FEBRUARY__, 2006, before me came __SARKIS KANBURIYAN__, who acknowledged to me that he/she is the __V.P.__ of Franck Muller USA, Inc., and that he/she executed the foregoing instrument on behalf of Franck Muller USA, Inc. with full authority to do so.

*Virginia M. Arakelya*
Notary Public
VIRGINIA M. ARAKELYAN
Notary Public, State of New York
No. 01AR6037103
Qualified in Queens County
Commission Expires February 14, 2010

STATE OF NEW YORK    )
                     )  ss:
COUNTY OF NEW YORK   )

On this __26th__ day of __January__, 2006, before me came __Scott Yaeger__, who acknowledged to me that he is the __President__ of Yaeger Watch Corp. and that he/she executed the foregoing instrument on behalf of Yaeger Watch Corp. with full authority to do so.

Notary Public
DENISE M. CAMPBELL
Notary Public, State of New York
No. 01CA6006738
Qualified in New York County
Commission Expires June 24, 2006

STATE OF NEW YORK    )
                     )  ss:
COUNTY OF NEW YORK   )

On this __26th__ day of __January__, 2006, before me came __Frank Siegel__, and executed the foregoing instrument on behalf of himself with full authority to do so.

Notary Public
DENISE M. CAMPBELL
Notary Public, State of New York
No. 01CA6006738
Qualified in New York County
Commission Expires June 24, 2006

APPROVED AS TO FORM:

Dated: New York, New York
January 27, 2006

PILIERO GOLDSTEIN KOGAN
& MILLER, LLP

By _____
Michael C. Miller (MM 4632)
Dennis H. Cavanaugh (DC 3146)
Adam L. Brookman (AB 4935)
10 East 53rd Street
New York, New York 10022
(212) 478-8500

Attorneys for Plaintiff
Franck Muller USA, Inc.

Dated: New York, New York
January 26, 2006

KAGAN LUBIC LEPPER LEWIS GOLD &
COLBERT, LLP

By _____
Denise M. Campbell (DC 3217)
200 Madison Avenue, 24th Floor
New York, New York 10016
(212) 252-0300

Attorneys for Defendants
Yaeger Watch Corp. and Frank Siegel